

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2011

# Charlotte Johnson v. Secretary of Veterans Affairs

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Charlotte Johnson v. Secretary of Veterans Affairs" (2011). *2011 Decisions.* Paper 1850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1322 & 09-3966
_____

CHARLOTTE B. JOHNSON,
               Appellant
v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS,

(Pursuant to Rule 43(c), FRAP)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. Nos. 2-06-cv-04316, 2-07-cv-04741)
District Judge: Hon. Petrese B. Tucker

Submitted Pursuant to Third Circuit LAR 34.1(a)
Monday, January 24, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS,[*] *District Judge*

(filed:  February 4, 2011 )

_____

OPINION
_____

McKEE, *Chief Judge*.

_____

[*] Honorable Richard G. Stearns, District Court Judge, District of Massachusetts, sitting by designation.

Appellant Charlotte B. Johnson appeals the district court's grant of Appellee Secretary of Veterans Affairs' motion for summary judgment on Johnson's Title VII retaliation claim and motion for judgment as a matter of law on Johnson's Title VII discrimination claim. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the district court has ably summarized that background. *See Johnson v. Nicholson*, 2009 WL 2180352 (E.D. Pa. July 20, 2009); *Johnson v. Nicholson*, 575 F. Supp. 2d 683 (E.D. Pa. 2008). On appeal, Johnson argues that the district court erred (1) when it granted the Secretary's motion for summary judgment on Johnson's retaliation claim based on her failure to timely exhaust her administrative remedies; and (2) when it granted the Secretary's motion for a judgment as a matter of law on Johnson's Title VII discrimination claim based on her failure to present legally sufficient evidence of discrimination at trial.

In the detailed and thoughtful opinions Judge Tucker filed in this case, she carefully and clearly explained her reasons for the rulings Johnson is appealing. *See Johnson v. Nicholson*, 2009 WL 2180352 (E.D. Pa. July 20, 2009); *Johnson v. Nicholson*, 575 F. Supp. 2d 683 (E.D. Pa. 2008). We can add little to Judge Tucker's reasoning and we will therefore affirm those rulings substantially for the reasons set forth in those opinions.